# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2017

Lyle W. Cayce
Clerk

PATRICK A. JONES,

Plaintiff-Appellant

v.

JAMES SOWELL, also known as UP Sowell; PAUL HAYES, also known as UP Hayes; G. MALDONADO, JR., Regional Director; JOHN B. FOX, USP Beaumont Warden; RALPH HANSON, Correctional Services Administrator; DAVID GONZALES, also known as UP Gonzales; GARY SZEMBROSKI, USP Beaumont Officer,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-299

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding IFP, Patrick A. Jones, federal prisoner # 60763-080, filed the instant *Bivens*[1] suit to seek redress after the defendants allegedly used excessive force on him and failed to protect him.  Now, he appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of FBI*, 403 U.S. 388 (1971).

court's grant of the defendants' motion for summary judgment and concomitant dismissal of the suit after concluding that Jones had failed to exhaust his available administrative remedies.

We review de novo a grant of summary judgment, using the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). This requirement is strictly applied, and a prisoner must exhaust all available administrative remedies before filing suit. § 1997e(a); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

Jones contends that administrative remedies were not available to him because Texas officials denied him the forms he needed to restart the process after his attempts to file a sensitive grievance were fruitless. However, as the district court noted, the record shows that Jones was no longer being held in Texas when it was time for him to restart the process. Rather, he was being held in Kentucky, and he made no allegations that Kentucky officials' actions rendered the grievance process unavailable. Jones has shown no error in the district court's conclusion that his suit should be dismissed because he failed to exhaust his available administrative remedies. Because we conclude that the district court rightly dismissed the suit for want of exhaustion, we decline to consider Jones's claim that the district court misread his complaint.

No. 15-41345

Finally, Jones had not shown that the district court abused its discretion by denying his request for appointed counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). The exhaustion issue upon which this case turns is fact-dependent, not unduly complex, should be readily understood by prisoners, and based on factual matters of which Jones was aware. *See id.* at 84-86. Consequently, Jones has not shown that the district court abused its discretion by denying his request for counsel. *See id.* at 86.

AFFIRMED.